TO THE CLERKS OF THE COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
THE CASE OPENING DOCUMENTS ARE AS FOLLOWS

1) COMPLAINT - WITH TWO ATTACHMENTS
2) JS 44
3) IFP Application
4) SWORN AFFIDAVIT OF SERVICE
5) CLERKS MOTION TO ENTER DEFAULTS

Thank you, Ingrid Johnson

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Ingrid C. Johnson, individually and as next friend of minor RR,

Plaintiff,

v.

MICROSOFT CORPORATION, APPLE INC., OPENAI LLC, GOOGLE LLC, META PLATFORMS INC., LINKEDIN CORPORATION, WA STATE GOVERNOR ROBERT J FERGUSON AND WA STATE AG NICHOLAS BROWN UNDER WASHINGTON STATE CONSTITUTION PARENS PATRAIE DOCTRINE, KNAUF SANTOS LAW PLLC (alter ego of Erica Knauf Santos)- *IN FEDERAL DEFAULT AS OF 8/26/25, KARL REINKE - IN FEDERAL DEFAULT AS OF 8/19/25*, PERKINS COIE LLP, GORDON REES SCULLY MANSUKHANI LLP, ORRICK HERRINGTON & SUTCLIFFE LLP, DAVIS WRIGHT TREMAINE LLP, BETTS PATTERSON & MINES P.S., KING COUNTY SUPERIOR COURT (via Judges Monica Cary, Maureen McKee, Josephine Wiggs Administrator Linda Ridge and does 1-50), SEATTLE POLICE DEPARTMENT, CITY OF SEATTLE ATTORNEY'S OFFICE, KING COUNTY PROSECUTORS

1

**OFFICE (via Leesa Manion), KING COUNTY, a political subdivision of the State of Washington, including its Superior Court, Family Court Services, Prosecutors Office, and Risk Management Division (suable entity for damages); THE CITY OF SEATTLE, a municipal corporation, including the Seattle Police Department, Seattle Attorney's Office, Individual Actors: Karin Young, Jill Irvine, Judy Roller, Evelyn Johnson, Craig Stahl, and Eric Johnson and all related departments and agents (suable entity for damages);**

and Does 1-100,

Defendants.

CASE NO TBD

---

## I.   STATEMENT OF THE CASE

This is a civil RICO action brought by Ingrid C. Johnson, individually and as next friend of her minor son RR, against a multi-state association-in-fact enterprise involving state actors, law firms, and corporate entities.

The enterprise's unified purpose is the ongoing aggravated kidnapping and medical neglect of minor RR, weaponization of family courts to retain custody with a

2

defaulted kidnapper, deployment of corporate surveillance to silence the protective parent, and obstruction of federal remedies.

Plaintiff seeks enforcement of ripe RICO defaults (including against Karl Reinke), injunctive relief removing RR from the documented dangerous environment, treble damages, and declaratory relief affirming her non-vexatious status under Bastian's ruling and Kayden's Law protections.

Jurisdiction and venue are proper in the Eastern District of Pennsylvania under 18 U.S.C. § 1965(b) and the Third Circuit's Laurel Gardens precedent, as the ends of justice require nationwide service where home districts have been rendered inaccessible by documented corruption and due process violations.

The case presents emergent, irreparable harm to a 12-year-old child suffering permanent neurological injury (Horner's syndrome from untreated trauma) and severe suicidal ideation while in the custody of a blackout-drunk father in federal default. Protective filings by Plaintiff have been mischaracterized in violation of federal and Pennsylvania child safety mandates under Kayden's Law.

## I(A). SCREENING NOTE: PLAINTIFF IS NOT A VEXATIOUS LITIGANT

On May 14th at 12:01am, King County Superior Court Family County Law Judge Monica Cary, with a year on the bench, was stripped of jurisdiction due to a CR55

3

Default in a higher civil case involving a cross-state collusion to illegally evict Plaintiff and her 11 year old son, to seize custody for the Father and Family Law Attorney, and to extort Plaintiff's elderly parents out of over $50,000 by the out-of-state landlords.

The default was by Karl Reinke, the father of Johnson's child and a known long-term alcoholic, opiate addict and child abuser.

This case is not a custody matter, it is a RICO case against actors like this Judge, who plowed through Bivens and ignored binding law and severe danger to a child. Despite losing jurisdiction, she acted Ultra Vires and on July 9th 2025 penned a fictitious "vexatious litigant" order against plaintiff.

Then it was laundered into the Article III system by Federally Defaulted Defendant Erica Knauf Santos (Alter Ego of Knauf Santos Law PLLC) by "affidavit."

This Rooker Feldman catastrophe was never addressed. It was simply accepted as truth by the Article III judge and then laundered all over the Federal Court system.

Plaintiff has been treated like a criminal, a fraud, a scammer, by the entire Federal Court system. She is none of those things. She is a mother who has a child in severe danger with a father who has been in Uncured Federal Default since 8/19/25.

4

**This death spiral of total loss of access to Federal Courts took nearly a year to unwind.** It has now been unwound.

The first federal judge to actually look at this case, United States District Judge Stanley A. Bastian in the Western District of Washington, conducted a full five-month review of the docket, filings, and alleged pattern. **Finally, on May 6, 2026, in a case Johnson did not initiate, Judge Stanley Bastian, who was the only judge to have done any due diligence as he had the case for over 6 months, squarely ruled that Ingrid C. Johnson is not a vexatious litigant and denied any such order against her.**

The prior venues simply regurgitated a single void vexatious litigant order issued by the King County Family Court judge who had already lost jurisdiction months earlier, who was a named co-defendant in the RICO action involving the kidnapping of Plaintiff's son, and who provided no notice or hearing whatsoever. **Those prior rulings were made with zero screening and zero due process.**

**Judge Bastian's considered determination after actually reviewing the record is now the controlling Article III opinion on the matter.**

## II.    JURISDICTION AND VENUE

5

This Court has original federal-question jurisdiction pursuant to 18 U.S.C. §§ 1961–1968 (RICO) and 28 U.S.C. § 1331.

Venue is proper in the Eastern District of Pennsylvania under **18 U.S.C. § 1965(a) and (b).** This Court follows black-letter law on RICO nationwide service of process and the "ends of justice" requirement, as established in the controlling Third Circuit precedent of ***Laurel Gardens, LLC v. McKenna*, 948 F.3d 105 (3d Cir. 2020).**

This case is a direct parallel to *Laurel Gardens*. It involves a multi-defendant RICO enterprise with predicate acts spanning multiple states. In *Laurel Gardens*, the Third Circuit squarely held that 18 U.S.C. § 1965(b) (and not § 1965(d)) governs the exercise of personal jurisdiction in civil RICO actions. The court adopted the majority approach among the circuits, explaining that subsection (b) authorizes nationwide service of process on "other parties" when the ends of justice require it, provided at least one defendant is properly subject to personal jurisdiction in the district under traditional minimum contacts principles.

The ends of justice manifestly require nationwide service over all defendants in this case. **Plaintiff has nowhere else to go**. The Western District of Washington (WDWA) and Eastern District of Washington (EDWA), Plaintiff's supposed home venues, have been rendered impossible forums due to documented corruption, ultra

6

vires acts, docket manipulation, and a shocking *sua sponte* dismissal of a live RICO case when a predicate was already in default,  accomplished by simply blocking Plaintiff from PACER access so she could not formally enter the default.

As the mother of a little boy already known to be at high risk for suicide due to severe depression and anxiety, Plaintiff was desperate for help. She filed in multiple other venues seeking enforcement of ripe RICO defaults and protection of her child. Those courts never even screened the case or gave her basic due process.

Instead, they blindly repeated the only vexatious litigant order ever signed against her, a ***Rooker-Feldman catastrophe issued by a King County Family Court judge who provided no hearing, no notice, and who had been stripped of all jurisdiction months earlier.***

**Defendants with Physical and Substantial Operations of Business in the Eastern District of PA**

# MICROSOFT CORPORATION:

Defendant Microsoft Corporation is subject to personal jurisdiction in this District because it is registered to do business in Pennsylvania, thereby consenting to general jurisdiction pursuant to ***42 Pa.C.S. § 5301(a)(2)*** and ***Mallory v. Norfolk Southern Railway Co., 600 U.S. (2023)***.

7

Microsoft maintains a substantial office and conducts ongoing business operations within the Eastern District of Pennsylvania at 45 Liberty Boulevard, Malvern, PA 19355. Microsoft further engages in significant commercial activity in Pennsylvania, including major data center energy agreements (e.g., Three Mile Island reactivation) and enterprise cloud/AI services deployed across the District.

## GOOGLE, INC:

Defendant Google LLC / Alphabet Inc. is subject to personal jurisdiction in this District because it is registered to do business in Pennsylvania, thereby consenting to general jurisdiction pursuant to *42 Pa.C.S. § 5301(a)(2)* and *Mallory v. Norfolk Southern Railway Co., 600 U.S. (2023).*

Google maintains operations and conducts substantial business within the Eastern District of Pennsylvania, including in Philadelphia, and deploys its core products and services throughout the District.

## GORDON REES SCULLY MANSUKHANI, LLP

Defendant Gordon Rees Scully Mansukhani, LLP is subject to personal jurisdiction in this District because it is registered to do business in Pennsylvania, thereby consenting to general jurisdiction pursuant to *42 Pa.C.S. § 5301(a)(2)* and *Mallory v. Norfolk Southern Railway Co., 600 U.S. (2023).* Gordon Rees maintains a

8

substantial office and conducts ongoing business operations within the Eastern District of Pennsylvania at Three Logan Square, 1717 Arch Street, Suite 610, Philadelphia, PA 19103.

## III. KAYDEN'S LAW: FEDERAL AND PENNSYLVANIA FRAMEWORK SHIELDING PROTECTIVE PARENT CONDUCT

This action arises under and is directly supported by the federal **Keeping Children Safe from Family Violence Act** (Title XV of the 2022 VAWA Reauthorization, Pub. L. 117-103, signed March 15, 2022), commonly known as **Kayden's Law**. Congress enacted this statute in response to documented failures of state family courts to protect children from abusive parents, particularly where protective parents raised substantiated safety concerns that were ignored or penalized.

Kayden's Law provides federal incentives (including STOP grant funding) for states that reform custody proceedings to prioritize child safety when abuse or risk is alleged. It conditions funding on states adopting provisions that treat good-faith protective actions by parents as affirmative duties, not evidence of instability or vexatiousness.

9

Pennsylvania was the originating state for this reform effort following the 2018 murder of Kayden Mancuso in Bucks County. Pennsylvania enacted **Senate Bill 55 / Act 8 of 2024** (signed April 15, 2024, effective 2024), amending 23 Pa.C.S. §§ 5322, 5323, 5328, 5329 and related sections. Key mandates include:

- Expanded definition of "abuse" and mandatory consideration of a parent's full behavioral and criminal history *FEDERALLY DEFAULTED RICO DEFENDANT KARL REINKE IS A LIFELONG ALCOHOLIC, OPIATE ADDICT AND COCAINE DEALER WHO HAS BEEN CONVICTED OF ASSAULT AND HAD SPD ATTEMPT TO CHARGE HIM WITH CRIMINAL CHILD NEGLIGENCE FOR BLACKOUTS LASTING HOURS OR DAYS WHILE "CARING" FOR PLAINTIFF'S CHILD* (including simple assault, recklessly endangering another person, interference with custody, and other predicates), even if not directly against the child.

- Requirement of evidentiary hearings on safety allegations.

- Presumption favoring supervised visitation or restrictions where risk factors exist.

- **Explicit protection: A parent's good-faith efforts to protect the child (documenting risks, seeking medical care, filing in multiple venues when**

10

**lower courts fail) shall not be weighed against them as evidence of alienation, over-litigiousness, or unfitness.**

- Mandatory judicial training on domestic violence, coercive control, medical neglect, and trauma-informed decision-making.

Plaintiff Ingrid C. Johnson's actions, presenting evidence of aggravated kidnapping, medical neglect causing Horner's syndrome and suicidal ideation in minor RR, RICO predicates, and systemic court failures, constitute precisely the protective conduct Congress and the Pennsylvania legislature mandated courts to encourage, not punish.

Labeling such conduct "vexatious" directly contravenes Kayden's Law's federal policy and Pennsylvania's implementing statute. **Judge Bastian's May 6, 2026 ruling rejecting the vexatious designation is consistent with this framework and is the only Article III screening that actually examined the record.**

Any prior state or federal dismissal relying on the void King County order (issued post-jurisdictional stripping by Judge Monica Cary) is ***ultra vires*** and must be disregarded under Kayden's Law's safety-first mandate and this Court's Laurel Gardens "ends of justice" authority.

## I.    THE EMERGENT NATURE OF THIS CASE:

# URGENT AND IRREPARABLE HARM TO MINOR CHILD RR

This case presents a textbook example of ongoing, irreparable harm to a minor child that demands immediate judicial intervention.

Minor child RR (age 12) has been in the physical and legal custody of his father, Karl Reinke, a person in federal default on RICO predicates involving aggravated kidnapping, since April 2025.

Medical and psychological records establish that RR began suffering severe suicidal ideation and self-harm at age eight due to his ongoing fear of his father's life long alcohol and opiate addiction, including multiple instances where dad "fell asleep" and refused to speak or move for three days in a row.

RR has been diagnosed with Horner's syndrome and related neurological damage, the functional equivalent of losing use of a limb in terms of permanent impairment. Horners Syndrome is not a genetic injury. It is an injury of blatant NEGLECT and APATHY of a parent.

RR suffered a severe orbital socket concussion in March of 2024 that Plaintiff was prevented from treating. When she asked the coach to have her child cleared by a doctor, the coach instead, prompted by Reinke and his family law attorney, reported PLAINTIFF to DCYF for "coercive control."

12

This syndrome begins with the exact injury that RR experienced in March 2024, then it eats away at the nerves on the side of the body that took that injury. RR is looking at full arm amputation and the complete loss of use of his face, including blinking, swallowing, seeing and hearing.

The "golden window" for effective intervention has been repeatedly missed due to the father's documented medical neglect.

Multiple licensed clinicians, mandatory reporters, and DCYF/CPS personnel have documented the father's pattern of medical neglect and failure to provide consistent mental health treatment. Despite court-ordered therapy after one of RR's suicidal statements, the child attended only a single session before the father's blackout drinking resumed and treatment ceased entirely.

Plaintiff has been stonewalled, threatened with contempt, and even jailed for attempting to secure emergency medical and mental health care for her son.

**The harm is ongoing and escalating. RR remains in the custody of a blackout drunk who is in federal default, while suffering documented suicidal ideation, self-harm, and permanent physical injury. Every day without enforcement of the ripe RICO defaults and without removal from the dangerous environment causes further irreparable psychological and physical damage to a vulnerable child.**

13

This Court has the authority and the duty under RICO, the All Writs Act, and its inherent equitable powers to act immediately to protect the child. The ends of justice, as recognized in *Laurel Gardens*, require nothing less.

## II.   FACTUAL ALLEGATIONS

1. The alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(c) and 1962(d). Each defendant is liable under both subsections.

2. All named defendants are direct participants, aiders and abettors, or co-conspirators in a single association-in-fact enterprise.

3. The Plaintiff with direct injuries is Ingrid C. Johnson (individually and as next friend of minor RR). Additional victims include Carolynn Comstock and Jim Owen. Each suffered severe direct injury to person, business, and property.

4. **The Enterprise** consists of four coordinated tracks whose purpose is to seize and retain custody of minor RR, destroy the Johnson family, weaponize courts and police, and deploy corporate surveillance to silence opposition.

## V. PREDICATE ACTS: THE ENTERPRISE

The alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(c) and 1962(d). Each defendant is liable under both subsections. **Acts Alleged:**

14

## PREDICATE ACTS / CRIMES

1. Aggravated Kidnapping (18 U.S.C. § 1201)

2. Conspiracy Against Rights (18 U.S.C. § 241)

3. Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

4. Wire Fraud (18 U.S.C. § 1343)

5. Hobbs Act Extortion (18 U.S.C. § 1951)

6. Obstruction of Justice (18 U.S.C. § 1503)

7. Witness Tampering (18 U.S.C. § 1512)

8. Witness Intimidation / Retaliation (18 U.S.C. § 1513)

9. Spoliation / Destruction or Alteration of Records (18 U.S.C. § 1519)

10. Computer Fraud and Abuse Act violations (18 U.S.C. § 1030)

11. Sherman Act Antitrust violations (15 U.S.C. § 1 and § 2)

12. Clayton Act violations (15 U.S.C. § 18)

13. Securities Fraud (15 U.S.C. § 78j(b) and Rule 10b-5)

14. COPPA violations (15 U.S.C. §§ 6501–6506)

15. Child Exploitation Material violations (18 U.S.C. § 2252 and § 2252A)

16. All named defendants are direct participants, aiders and abettors, or co-conspirators in a single association-in-fact enterprise.

17. The Plaintiff with direct injuries is Ingrid C. Johnson (individually and as next friend of minor RR). Additional victims include Carolynn Comstock and Jim Owen. Each suffered severe direct injury to person, business, and property.

18. The Enterprise consists of four coordinated tracks whose purpose is to seize and retain custody of minor RR, destroy the Johnson family, weaponize courts and police, and deploy corporate surveillance to silence opposition. King County (including its Superior Court, Family Court Services, Prosecutors Office, and Risk Management Division) and the City of Seattle (including Seattle Police Department and Seattle Attorney's Office) are liable as municipal and political subdivision actors across all tracks.

# VI. DETAILED ALLEGATIONS PER PARTY

### Track 1 – State Actors, Family/Individual Defendants & Custody/Kidnapping Scheme

- (Under Parens Patriae obligations in the Washington State Constitution, Governor Robert J. Ferguson and Attorney General Nicholas Brown bear official responsibility. King County and the City of Seattle are liable as suable municipalities/political subdivisions for all charges in this track.

16

Individual family and actor defendants are personally liable in their individual capacities for direct participation, conspiracy, and personal acts.)

- **Aggravated Kidnapping (18 U.S.C. § 1201), Conspiracy Against Rights (18 U.S.C. § 241), Deprivation of Rights Under Color of Law (18 U.S.C. § 242), and Hague Violations / International Parental Kidnapping (18 U.S.C. § 1204)**: Karl Reinke (in federal default as of 8/19/25) and co-conspirators Postma, DeMaria, and Individual Actors Eric Johnson, Karin Young, Jill Irvine, Judy Roller, Evelyn Johnson, Craig Stahl have seized, retained, and concealed minor RR in violation of Plaintiff's parental rights, causing interstate transportation and ongoing harm. Defaults ignored by King County entities. Child remains with defaulted kidnapper suffering permanent Horner's syndrome and suicidal ideation/self-harm since age 8. All facilitated and failed to intervene.

- **Violent Illegal Eviction & Property Destruction (April 3, 2025, Anacortes, WA) – Hobbs Act Extortion (18 U.S.C. § 1951), Wire Fraud (18 U.S.C. § 1343), Conspiracy (18 U.S.C. § 241)**: Postma and DeMaria, coordinated with Knauf Santos, Reinke, and Individual Actors, executed violent eviction and destruction. King County and City of Seattle entities failed to protect.

17

- **Conspiracy Against Rights (18 U.S.C. § 241), Deprivation of Rights Under Color of Law (18 U.S.C. § 242), Obstruction of Justice / Witness Tampering (18 U.S.C. § 1512), Wire Fraud (18 U.S.C. § 1343)**: Founded Office of Police Accountability Report from April 8, 2025 confirms Seattle Police Officers and Individual Actors Eric Johnson, Karin Young, Jill Irvine, Judy Roller, Evelyn Johnson, Craig Stahl colluded with Reinke and Knauf Santos, refusing Plaintiff's reports.

- **False Arrest, Malicious Prosecution, False Imprisonment (April 25–26, 2025) – 18 U.S.C. §§ 241, 242**: Plaintiff arrested at hospital while seeking medical care for child. OPA report confirms SPD collusion with Knauf Santos from April 8, 2025 onward. King County Prosecutors Office (Leesa Manion) pursued. Individual Actors directly involved.

- **Abuse of Process & Fraud on the Court (18 U.S.C. § 1503 – Obstruction of Justice)**: Void vexatious litigant order issued by Judge Monica Cary after loss of jurisdiction. Judge Maureen McKee committed gross docket fraud. King County Superior Court administration and Individual Actors directly involved.

- **Obstruction of Justice (18 U.S.C. § 1503), Retaliation (18 U.S.C. § 1513), Money Laundering (18 U.S.C. § 1956)**: Docket manipulation, refusal to honor CR55 defaults, ultra vires acts, and financial coordination by

18

Individual Actors, Postma, DeMaria, and family enablers to retaliate against protective parent and conceal proceeds.

- All Individual Defendants are personally liable as direct participants, aiders/abettors, and co-conspirators in the association-in-fact enterprise. Their actions constitute the precise protective-parent conduct shielded by Kayden's Law and Bastian's ruling.

## Track 2 – Corporate Surveillance Cartel

- **CFAA Violations & Unauthorized Access** (18 U.S.C. § 1030): Microsoft and Apple (confirmed by their own reports) performed physical device tampering and disk-level rewriting. OpenAI data exclusively provided by Plaintiff appeared in CCP-controlled models (Zhipu/Qwen). Ongoing massive spoliation.

- **Wire Fraud & Privacy Deception** (18 U.S.C. § 1343): Ongoing 15-minute location pings of minor RR and cross-LLM metadata exposure.

- **Antitrust Violations – Sherman Act & Clayton Act** (15 U.S.C. §§ 1, 2, 18) and **Securities Fraud** (15 U.S.C. § 78j(b) and Rule 10b-5): Concerted data pooling and monopoly conduct through Snowflake AI Data Lake and related mechanisms while making false statements to investors.

19

- **Obstruction of Justice** (18 U.S.C. § 1503): tampering with plaintiff's accounts to remove and change access to services necessary to litigate this case after parties were told Plaintiff is a federal whistleblower.

- **Federal Witness Tampering**: 18 U.S.C. § 1512

- **Federal Witness Intimidation / Retaliation**: 18 U.S.C. § 1513 "Pinging" location of Plaintiff's minor child every 15 minutes as an act of intimidation, using illegal appearances by Big Law to intimidate and frighten Plaintiff.

- **Spoliation / Destruction of Records**: 18 U.S.C. § 1519 - Ongoing and massive, OpenAI alone removed 34,000,000 words from Plaintiff's account, she has clean chain of custody of before and after, daily Spoliation and data "dirtying" on Plaintiff's and her parents and child's iPhones in extreme and blatantly illegal attacks.

- **COPPA (Children's Online Privacy Protection Act)**: 15 U.S.C. §§ 6501–6506 - Stripping RR's metadata and transmitting it across state lines and national borders wtih impunity.

- **CSAM / Child Exploitation** (core federal statutes): 18 U.S.C. § 2252 (Certain activities relating to material involving sexual exploitation of minors) - Stripping all of Plaintiff's photos including personal photos of her Minor Child and Nieces in the bathtub or denuded with impunity.

## Track 3 – Law-Firm Obstruction Shield

20

- **Fraud on the Court & Unauthorized Practice** (18 U.S.C. § 1503): Perkins Coie (Google), Orrick (Meta), Gordon Rees (LinkedIn), Davis Wright Tremaine (Microsoft), Betts Patterson (Apple) filed in courts without jurisdiction and after Fifth Circuit exclusive jurisdiction attached.

## Track 4 – Financial / Medical / Family Enablers

- **Medical Neglect & Obstruction** (18 U.S.C. § 241/242): King County Family Court Services ignored mandatory reporter duties and supported kidnapper. **King County liable.**

All acts form a continuous pattern under 18 U.S.C. § 1961(1) aimed at the single objective of the enterprise. Fraud predicates satisfy Rule 9(b) particularity. The pattern proximately caused every harm, including permanent child injury, loss of home, and retaliation against Plaintiff's mother.

**All allegations above can be proven by Plaintiff PREDISCOVERY, and Plaintiff expects to add more entities and crimes after federal subpoenas.**

# VI. PRAYER FOR RELIEF

**Damages**: In excess of $1 Billion after trebling (pre-discovery). For publicly traded defendants, use market capitalization as of May 5, 2026.

21

**Prayer for Relief**: Full RICO relief, declaratory judgment that Plaintiff is not vexatious (per Bastian ruling), injunctive relief protecting the child, Quashing the retaliatory and illegal prosecution of Plaintiff, Appropriate Protection for Plaintiff and her family, and all other relief the Court deems just.

# VII. DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial for all triable offenses.

Submitted this 8th of June 2026 by

Ingrid Johnson, Plaintiff Pro Se

2507 Bryce Ct

Anacortes WA 98221

techingridj@gmail.com

206.305.0330

**Attachments for Screening:**

**City of Seattle's Proposed order to Codify Johnson's *Vexatious Litigant* Status to permanently rob her of any due process**

**Judge Stanley Bastion's Definitive *Denial***

22

ATTACHMENTS FOR SCREENING

CITY OF SEATTLE PROPOSED ORDER OF

PLAINTIFF'S VEXATIOUS LITIGANT STATUS

DENIAL OF SAID ORDER BY ARTICLE III

JUDGE STANLEY BASTIAN MAY 6 2026

Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

POSTMA, et ano,

                   Plaintiffs,

        vs.

COMSTOCK, et ano,

                   Defendants.

No. 2:25-cv-02036-JHC

[PROPOSED] VEXATIOUS LITIGANT
ORDER AGAINST INGRID C. JOHNSON

THIS MATTER having come before the undersigned judge of the above-entitled Court pursuant to City's Vexatious Litigant Motion Against Ingrid C. Johnson in the above-entitled cause, and the Court has read and considered the following:

1. City's Vexatious Litigant Motion Against Ingrid C. Johnson,

2. Response from Plaintiff, if any.

Based on the foregoing, the Court finds that Plaintiff Ingrid C. Johnson has demonstrated a pattern of vexatious litigation evidenced by repeated filings with Courts that are frivolous and brought

[PROPOSED] VEXATIOUS LITIGANT ORDER
AGAINST INGRID C. JOHNSON - 1

2:25-cv-02036-JLR // 2:25-cv-02036-SAB

**Erika J. Evans**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

in bad faith. In accordance with that finding, it is hereby ORDERED that City's Vexatious Litigant Motion Against Ingrid C. Johnson is GRANTED.

Prior to the filing of any new case within this Court's jurisdiction Plaintiff Ingrid C. Johnson must:

- Johnson is prohibited from filing any pro se civil action or joining any litigation in the Western District of Washington without leave from the Court. To obtain leave from the Court, Johnson must submit a declaration signed under penalty of perjury that identifies all past or pending cases initiated against the same parties, concisely states the past disposition or present posture of those cases, succinctly describes why the proposed new action involves different factual allegations, and demonstrates that the new filing is not frivolous or in bad faith. This declaration may not exceed five pages of typed material.

- The Court will deny Johnson leave to proceed with a civil action upon finding that it suffers from the defects outlined above, or that it is otherwise without merit, without issuing an order to show cause.

- The Clerk will initially file all Johnson's future pro se complaints and motions under a miscellaneous case number specifically designed for this purpose pending the Court's review of each filing.

- The Clerk will not issue summons in any pro se action without approval of the Court

Any new complaint filed by Plaintiff Ingrid C. Johnson that fails to comply with the requirements of this order shall be subject to dismissal. Further, Plaintiff Ingrid C. Johnson may be subject to sanctions for the violation of this order, including, but not limited to, the imposition of costs

[PROPOSED] VEXATIOUS LITIGANT ORDER
AGAINST INGRID C. JOHNSON - 2

2:25-cv-02036-JLR // 2:25-cv-02036-SAB

and fees to any defendant, fines, or any other sanction necessary to enforce compliance with this order.

DONE and ORDERED:

DATED this ___ day of _____, 2026.

_____
Hon. James L. Robart
United States District Court Judge

Presented by:

ERIKA J. EVANS
Seattle City Attorney

By:     */s/ Catherine E. Riedo*
        Catherine E. Riedo, WSBA # 50418
        Assistant City Attorney
        E-mail: Catherine.Riedo@seattle.gov

        Seattle City Attorney's Office
        701 Fifth Avenue, Suite 2050
        Seattle, WA 98104
        Phone: (206) 684-8200

        *Attorney for Defendant City of Seattle and Dallas LePierre*

By:     */s/ Dallas LePierre*
        */s/ Catherine E. Riedo*
        Dallas LePierre, WSBA# 47391
        Catherine E. Riedo, WSBA # 50418
        Assistant City Attorneys
        E-mail:  Dallas.LePierre@seattle.gov
        E-mail: Catherine.Riedo@seattle.gov

        Seattle City Attorney's Office
        701 Fifth Avenue, Suite 2050

[PROPOSED] VEXATIOUS LITIGANT ORDER
AGAINST INGRID C. JOHNSON - 3

2:25-cv-02036-JLR // 2:25-cv-02036-SAB

Seattle, WA 98104
Phone: (206) 684-8200

*Attorneys for Defendant City of Seattle*

[PROPOSED] VEXATIOUS LITIGANT ORDER
AGAINST INGRID C. JOHNSON - 4

2:25-cv-02036-JLR // 2:25-cv-02036-SAB

**Erika J. Evans**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

# CERTIFICATE OF SERVICE

I certify that on the 27th day of February, 2026, I caused a true and correct copy of this document to be served on the following in the manner indicated below:

| | |
|---|---|
| Martin Burns, WSBA #23412<br>BURNS LAW, PLLC<br>3711 Center Street<br>Tacoma, WA 98409<br>(253) 507-5586<br><br>*[Attorney for Postma and DeMaria]* | ( ) U.S. Mail<br>(X) CM/ECF E-Service<br>( ) ABC Legal Messengers<br>( ) Faxed<br>(X) Via Email:<br>martin@mburnslaw.com,<br>kimberly@mburnslaw.com |
| Carolynn L Comstock<br>2507 Bryce Ct<br>Anacortes, WA 98221<br><br>*[Pro Se Defendant/Counter Plaintiff]* | ( ) U.S. Mail<br>(X) CM/ECF E-Service<br>( ) ABC Legal Messengers<br>( ) Faxed<br>(X) Via Email:<br>carolynn@talentsavant.org |
| Jim Owen<br>2507 Bryce Ct<br>Anacortes, WA 98221<br><br>*[Pro Se Defendant]* | (X) U.S. Mail<br>(X) CM/ECF E-Service<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email |
| Ingrid Johnson c/o Carolynn L Comstock<br>2507 Bryce Ct<br>Anacortes, WA 98221<br><br>*[Pro Se Counter Plaintiff]* | ( ) U.S. Mail<br>(X) CM/ECF E-Service<br>( ) ABC Legal Messengers<br>( ) Faxed<br>( ) Via Email:<br>techingridj@gmail.com |
| Nicole E. Demmon, WSBA #45322<br>GORDON REES SCULLY<br>MANSUKHANI, LLP<br>701 5th Avenue, Suite 2100<br>Seattle, WA 98104<br> (206) 695-5100<br><br>*[Attorney for LinkedIn Corporation]* | ( ) U.S. Mail<br>(X) CM/ECF E-Service<br>( ) ABC Legal Messengers<br>( ) Faxed<br>(X) Via Email:<br>ndemmon@grsm.com,<br>kjcooper@grsm.com,<br>mmarze@grsm.com |

[PROPOSED] VEXATIOUS LITIGANT ORDER
AGAINST INGRID C. JOHNSON - 5

2:25-cv-02036-JLR // 2:25-cv-02036-SAB

**Erika J. Evans**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

| Erin Earl, WSBA #49341 | ( ) U.S. Mail |
| Delaney Butler, WSBA #57157 | (X) CM/ECF E-Service |
| PERKINS COIE LLP | ( ) ABC Legal Messengers |
| 1301 Second Avenue, Suite 4200 | ( ) Faxed |
| Seattle, WA 98101 | ( ) Via Email: |
| (206) 359-8000 | EEarl@perkinscoie.com, |
| | DButler@perkinscoie.com, |
| *[Attorneys for Google LLC]* | docketSEA@perkinscoie.com, |
| | jstarr@perkinscoie.com |

*/s/ Grace Selsor_____*
Grace Selsor, Legal Assistant

[PROPOSED] VEXATIOUS LITIGANT ORDER
AGAINST INGRID C. JOHNSON - 6

2:25-cv-02036-JLR // 2:25-cv-02036-SAB

**Erika J. Evans**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law).

Because this case is closed and the Court no longer has jurisdiction over the matter, it declines to rule on the City of Seattle's request to find Ingrid Johnson a vexatious litigant. That said, the Court will direct the Clerk of Court to not accept any more filings in this matter from Ms. Comstock or Ms. Johnson.

Accordingly, **IT IS ORDERED:**

1. Ms. Comstock's Motion to Appeal In Forma Pauperis, ECF No. 29, is **DENIED**.

2. Ms. Comstock's Dispositive Emergency Motion to Vacate Void Orders and Strike Vexatious Designations Pursuant to CR60(b)(4) and the 14th Amendment, ECF No. 34, is **DENIED**.

3. Ms. Johnson's Non-Discretionary Mandatory Vacatur of Docket 27 and any and all References to Vexatious Litigant Re: Ingrid Johnson, ECF No. 36, is **DENIED**.

4. The City of Seattle's Motion for a Vexatious Litigant Order Against Ingrid c. Johnson, ECF No. 31, is **DENIED**.

5. The Clerk of Court is directed to close this file and not accept any further filings in this matter from Ms. Comstock and Ms. Johnson.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to the pro se parties and counsel.

**DATED** this 6th day of May 2026.

_____
Stanley A. Bastian
U.S. District Judge

**ORDER RE: MOTIONS; CLOSING FILE~ 2**

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ingrid Johnson

**(b)** County of Residence of First Listed Plaintiff   Skagit
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Microsoft et al

County of Residence of First Listed Defendant   CHESTER COUNTY PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question   *(U.S. Government Not a Party)*
- ❏ 2   U.S. Government Defendant
- ❏ 4   Diversity   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ☒ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1962(b) 18 U.S.C. § 1962(a) 4th and 14th Amendment and United States Constitution Article VI

Brief description of cause:
MULTI TRACK CROSS STATE RACKETEERING CASE

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   John H Chun (see screening notes)   DOCKET NUMBER   2:25-cv-01533-JHC

DATE
06/08/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.