UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGRID JOHNSON, | CASE NO. C26-2142JLR |
| Plaintiff, | ORDER |
| v. | |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

Before the court is *pro se* Plaintiff Ingrid Johnson's "emergency motion for national security review and relief under Article II."  (Mot. (Dkt. # 22).)  Ms. Johnson generally asserts that security failures exist in large language models ("LLMs") provided by certain Defendants and asks the court to order, among other relief, an "immediate evidentiary hearing within 72 hours" regarding an "alleged national security compromise[;]" an emergency preservation order requiring "all parties" to preserve "all data, logs, deletion records, and cross-model signals related to the Inga-RR-Larry

ORDER - 1

attractor basin and [her] minor child's records[;]" a forensic audit of non-party Snowflake's access to her and her minor child's personally identifiable information, "including any China-based access or leakage[;]" and a referral to the Department of Justice National Security Division "for immediate investigation into RICO predicates, witness intimidation, and foreign data access."  (Mot. at 4-5.)

As a threshold matter, because Ms. Johnson is proceeding in forma pauperis ("IFP") in this matter, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons.  (See IFP Order (Dkt. # 16) (recommending review under 28 U.S.C. § 1915(e)(2)(B) before issuing summons).)  The court has not yet completed this review.

Furthermore, under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Furthermore, a plaintiff seeking preliminary injunctive relief must establish "[1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in h[er] favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Because Ms. Johnson asks the court to compel the relevant Defendants to take certain affirmative actions, she seeks a

ORDER - 2

"mandatory injunction" that "orders a responsible party to 'take action.'" *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (citation omitted). As a result, her burden to satisfy the first factor is "doubly demanding[.]" *Id.*

Here, Ms. Johnson has not provided the required certification regarding the efforts she has made to provide notice of her motion to the relevant Defendants, nor has she made the showing required to justify entry of a mandatory injunction. Therefore, the court DENIES Ms. Johnson's emergency motion (Dkt. # 22).

Dated this 6th day of July, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 3