UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGRID JOHNSON, | CASE NO. C26-2142JLR |
| Plaintiff, | ORDER |
| v. | |
| MICROSOFT CORPORATION, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court are *pro se* Plaintiff Ingrid Johnson's complaint (Compl. (Dkt. # 2)), and United States Magistrate Judge Brian A. Tsuchida's order granting Ms. Johnson's motion for leave to proceed *in forma pauperis* ("IFP") and recommending that this court review Ms. Johnson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) before issuing summons (7/1/26 Order (Dkt. # 16)).  The court has reviewed Ms. Johnson's complaint and concludes that it is frivolous, fails to state a claim upon which relief can be

ORDER - 1

granted, and seeks relief against defendants who are immune from suit. Accordingly, the court DISMISSES Ms. Johnson's complaint, and this action, with prejudice.

## II.    BACKGROUND

This is the fifth lawsuit Ms. Johnson has pursued in this district arising from a child custody dispute and eviction that originated in King County Superior Court.[1] *See Johnson v. Cary*, No. C25-0564KKE (W.D. Wash.) (dismissed with prejudice on April 22, 2025, after § 1915(e)(2)(B) review on the basis of judicial immunity and abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971)); *Johnson v. Santos*, No. C25-0911JHC (W.D. Wash.) (dismissed with prejudice on May 27, 2025, after § 1915(e)(2)(B) review on the basis of *Younger* abstention); *Johnson v. King Cnty.*, No. C25-1109JHC (W.D. Wash.) (voluntarily dismissed on June 22, 2025); *Johnson v. King Cnty. Super. Ct.*, No. C25-1533JHC (W.D. Wash.) (transferred from the Northern District of Texas and dismissed with prejudice on September 2, 2025, after § 1915(e)(2)(B) review). Ms. Johnson has also filed lawsuits arising from the same child custody dispute and eviction in other districts across the country. (*See* Transfer Order (Dkt. # 10) at 1 n.1 (listing actions Ms. Johnson filed in the District of Alaska, the District of Minnesota, the Northern District of Texas, and the Eastern District of Wisconsin).)

//

//

//

---

[1] The court takes judicial notice of the related cases Ms. Johnson has filed in this court and others pursuant to Federal Rule of Evidence 201.

ORDER - 2

Ms. Johnson's mother, Carolynn Comstock,[2] has filed two additional lawsuits that also arise, at their core, from the same child custody dispute.  *See Comstock v. Microsoft Corp.*, No. C26-1307RAJ (W.D. Wash.) (alleging RICO claims as "successor in interest" to Ms. Johnson; voluntarily dismissed on April 23, 2026); *Comstock v. Microsoft Corp.*, No. C26-1938JLR (W.D. Wash.) (transferred to this district from the District of Puerto Rico on June 2, 2026).  Ms. Johnson also raised third-party claims related to the same child custody dispute in a matter that originated in a lawsuit her former landlord brought against Ms. Comstock that was later removed to this court.  *See generally* Order Granting Motion to Dismiss; Remanding Action, *Postma v. Comstock*, No. C25-2036SAB (W.D. Wash. Jan. 26, 2026), Dkt. # 27 (setting forth the procedural background of that matter, dismissing Ms. Johnson's third-party claims, and remanding the remaining claims to King County Superior Court).

Ms. Johnson originally filed this action in the Eastern District of Pennsylvania, which transferred the matter to this court on June 10, 2026.  (*See generally* Transfer Order.)  Ms. Johnson purports to bring claims for violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962(c) and (d), "against a multi-state association-in-fact enterprise involving state actors, law firms, and corporate entities."  (Compl. at 1-2 (naming approximately 30 defendants[3]).)  She asserts that the

---

[2] *See, e.g.*, Order Granting Motion to Dismiss; Remanding Action at 3, *Postma v. Comstock*, No. C25-2036SAB (W.D. Wash. Jan. 26, 2026), Dkt. # 27 (observing that "[Ms.] Johnson is Ms. Comstock's daughter").

[3] Ms. Johnson names as Defendants Microsoft Corporation, Apple Inc., OpenAI LLC, Google LLC, Meta Platforms Inc., LinkedIn Corporation, Washington State Governor Robert J. Ferguson, Washington State Attorney General Nicholas Brown, Knauf Santos Law PLLC, Karl

ORDER - 3

"enterprise's unified purpose is the ongoing aggravated kidnapping and medical neglect of [her son,] minor RR, weaponization of family courts to retain custody with a defaulted kidnapper, deployment of corporate surveillance to silence the protective parent, and obstruction of federal remedies." (*Id.* at 2-3; *see also id.* at 15 (listing 15 alleged RICO predicate acts), 16-21 (describing four "tracks" under which Defendants are allegedly liable under RICO).)

### III.    ANALYSIS

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint filed *in forma pauperis* if "at any time" it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) screening applies to all IFP proceedings).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous when it is based on a meritless legal theory or where the factual contentions are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This standard encompasses

---

Reinke, Perkins Coie LLP, Gordon Rees Scully Mansukhani LLP, Orrick Herrington & Sutcliffe LLP, Davis Wright Tremaine LLP, Betts Patterson & Mines P.S., King County Superior Court "via Judges Monica Cary, Maureen McKee, Josephine Wiggs[,] Administrator Linda Ridge and does 1-50," Seattle Police Department, City of Seattle Attorney's Office "via Leesa Manion," King County Prosecutor's Office, King County, the City of Seattle, Karin Young, Jill Irvine, Judy Roller, Evelyn Johnson, Craig Stahl, and Eric Johnson (together, "Defendants"). (Compl. at 1-2.)

ORDER - 4

allegations that describe "fanciful, fantastic, and delusional" scenarios, or scenarios that "rise to the level of the irrational or the wholly incredible[.]" *Id.* at 33.  Because Ms. Johnson is a *pro se* plaintiff, the court must construe her pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nevertheless, her complaint must still contain factual allegations "enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see* Fed. R. Civ. P. 8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring a plaintiff to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The court concludes that Ms. Johnson's complaint is legally frivolous,[4] fails to state a claim on which relief may be granted, and seeks monetary relief against defendants who are immune from suit.  First, as this court has previously explained, judges and court staff are absolutely immune from suit "for any acts they perform that relate to the 'judicial process,' regardless of the judge's alleged motives."  *Johnson v. Cary*, No. C25-0564KKE, 2025 WL 1167549, at *2 (W.D. Wash. Apr. 22, 2025) (quoting *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002)).  Thus, the court dismisses with prejudice on the basis of judicial immunity Ms. Johnson's claims against Judge

---

[4] By concluding that Ms. Johnson's complaint is legally frivolous, the court does not mean to minimize Ms. Johnson's concern for her child.

ORDER - 5

Monica Cary, Judge Maureen McKee, Judge Josephine Wiggs, Administrator Linda Ridge, and any other court staff involved in her state- or federal-court proceedings.

Second, as the Northern District of Texas has held, Ms. Johnson's allegations of a wide-ranging RICO conspiracy spanning state, city, and county actors, law firms, the largest technology companies in the world, her ex-husband, and her former landlord are frivolous because they "have no basis in law and qualify as clearly irrational or wholly incredible." Order at 3, *Johnson v. Reinke*, No. 2:25-cv-00203-Z (N.D. Tex. Sept. 15, 2025), Dkt. # 28 (dismissing Ms. Johnson's RICO complaint with prejudice on § 1915(e)(2)(B) review). This court, too, finds that Ms. Johnson's expansive RICO claims have no basis in law or in fact, and therefore dismisses them with prejudice.

Third, as the Eastern District of Wisconsin has held, Ms. Johnson's RICO claims are barred by *res judicata* in light of the Northern District of Texas's prior dismissal with prejudice of Ms. Johnson's RICO claims against a similar set of defendants arising from the same custody dispute. *See* Screening Order at 2-3, *Johnson v. Reinke*, No. 2:25-cv-01407-WCG (E.D. Wisc. Sept. 30, 2025), Dkt. # 11 (dismissing Ms. Johnson's RICO complaint with prejudice on § 1915(e)(2)(B) review).

Finally, Ms. Johnson's complaint is barred by the *Rooker-Feldman*[5] doctrine, under which federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are

---

[5] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923).

intertwined with a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (internal quotation marks and citation omitted). This lawsuit, at its core, challenges a decision made in state-court proceedings to grant custody of RR to Ms. Johnson's ex-husband, and seeks to return custody to Ms. Johnson. (*See, e.g.*, Compl. at 2-3 (alleging that the RICO "enterprise's unified purpose is the ongoing aggravated kidnapping and medical neglect of minor RR, weaponization of family courts to retain custody with a defaulted kidnapper, deployment of corporate surveillance to silence the protective parent, and obstruction of federal remedies"), 14 ("The Enterprise consists of four coordinated tracks whose purpose is to seize and retain custody of minor RR, destroy the Johnson family, weaponize courts and police, and deploy corporate surveillance to silence opposition.").) Thus, because Ms. Johnson's lawsuit "seeks to disrupt or 'undo' a prior state-court judgment," it is barred by *Rooker-Feldman. Bianchi*, 334 F.3d at 901 (citation omitted).

For all of the above reasons, the court DISMISSES Ms. Johnson's complaint with prejudice pursuant to § 1915(e)(2)(B).

ORDER - 7

Under Federal Rule of Civil Procedure 15(a), district courts are ordinarily to "freely give" leave to amend a claim subject to dismissal.  Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, where amendment would be futile, such as when the pleading could not possibly be cured by further factual allegations.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  As discussed above, Ms. Johnson has filed numerous lawsuits raising RICO claims arising from the state-court custody dispute, none of which have had merit.  Accordingly, the court concludes that further amendment of Ms. Johnson's complaint would be futile and DENIES leave to amend.

### IV.    CONCLUSION

For the foregoing reasons, the court DISMISSES Ms. Johnson's complaint (Dkt. # 2), and this action, with prejudice on 28 U.S.C. § 1915(e)(2)(B) review.  The court DENIES Ms. Johnson's pending motion to transfer this matter to the District of Maine and for other relief (Dkt. # 25) as moot.

Dated this 13th day of July, 2026.

JAMES L. ROBART
United States District Judge

ORDER - 8